# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAVE MUSTO,** *et al.*,

    **Plaintiffs,**

                                Case No. 2:17-cv-506
                                Judge James L. Graham
    **v.**                           Magistrate Judge Elizabeth P. Deavers

**PAULA ZARO,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's response (ECF No. 49) to the Court's Show Cause Orders (ECF Nos. 47 and 48) and Plaintiffs' response to Defendant's response (ECF No. 50). For the reasons that follow, it is **RECOMMENDED** that default not be entered against Defendant at this juncture.

## I.

This action was removed to this Court from the Delaware Court of Common Pleas on June 12, 2017. (ECF Nos. 1, 2.) Thereafter, the Court issued a Preliminary Pretrial Order, establishing a case schedule. (ECF No. 16.) On November 29, 2018, this matter was set for mediation on December 12, 2018 ("the first mediation"), through the Court's Settlement Week program. (ECF No. 17.) Defendant, represented by counsel, requested (ECF No. 18) and was granted leave to participate in the mediation by telephone (ECF No. 19). Mediation was unsuccessful.

On March 30, 2018, the Court granted in part and denied in part Defendant's Motion to Dismiss. (ECF No. 24.) Upon the Court's Orders (ECF Nos. 26, 30), the parties reported that a

second mediation, conducted in person, would be useful. (ECF No. 31.) The Court referred this matter to mediation and directed the parties to contact the assigned mediator to arrange a date for the mediation. (ECF No. 35.) In light of the referral to mediation, the Court suspended the deadlines for Defendant to respond to the Complaint and for filing dispositive motions. (ECF No. 36.) On July 27, 2018, the parties reported that the mediation scheduled for June 26, 2018 ("the second mediation"), did not proceed because Defendant, through counsel, advised Plaintiffs on June 25, 2018, that she was unable to attend the mediation in person because her childcare arrangements had fallen through. (ECF Nos. 37, 38.) While Defendant remained willing to mediate, Plaintiffs were no longer interested in mediation. (*Id.*)

On August 6, 2018, counsel for Defendant moved for leave to withdraw. (ECF No. 41.) On the same day, the Court issued an Order, warning Defendant that her failure to object would result in the grant of the motion. (ECF No. 42.) The Court also ordered that Defendant's answer to the Complaint was due by September 20, 2018. (*Id.* at 2.) Although Defendant was provided an opportunity to object her counsel's request to withdraw and expressly warned that her failure to object would result in the grant of the motion (*id.* at 1; ECF No. 43), there nevertheless was no objection to the motion to withdraw. On August 28, 2018, the Court granted defense counsel's motion to withdraw and scheduled a status conference, by telephone, for September 19, 2018. (ECF No. 44.) The Court specifically advised Defendant that she was "expected to fully participate in the litigation, including the upcoming status conference, either personally or with the assistance of substitute counsel." (*Id.* at 2.) The Court also directed the Clerk to mail a copy of this Order to Defendant Zaro at the address listed on her counsel's certification (ECF No. 43): 48 Wapping Road, Kingston, Massachusetts 02364. (ECF No. 44 at 1.) However, the docket

reflects that the Clerk erroneously mailed the Order to 45 Wapping Road, Kingston, Massachusetts 02364. (*Id.*)

While counsel for Plaintiffs appeared and was ready to participate for the conference on September 19, 2018, Defendant failed to appear and did not otherwise inform the Court of her unavailability. (ECF No. 45.) Accordingly, on September 21, 2018, the Court, unaware at that time that the Clerk had mailed the Order setting the conference to the wrong address for Defendant, issued a Show Cause Order, ordering Defendant to show cause within fourteen days why the Court should not enter default against her for failure to appear and defend ("the first Show Cause Order"). (*Id.*) On October 9, 2018, the first Show Cause Order was returned as undelivered because the Clerk mistakenly sent it to the wrong address. (*See* ECF No. 46 (reflecting Defendant's mailing address as 45 Wapping Road, Kingston, Massachusetts, and the following notations: "Return to Sender[.] No Mail Receptacle[.] Unable to Forward"); ECF Nos. 43, 45 (reflecting that Defendant's address is 48 Wapping Road, not 45 Wapping Road).) The Court therefore directed the Clerk to update the docket to reflect that Defendant's correct address is 48 Wapping Road, Kingston, Massachusetts 02364. (ECF No. 47 at 1.) The Court then ordered Defendant to show cause within fourteen days why the Court should not enter default against her for failure to appear and defend at the conference on September 19, 2018. (*Id.*) The Court specifically advised Defendant that default judgment could be entered against her if she failed to respond to this Show Cause Order. (*Id.*)

In a letter to the Court dated October 24, 2018, and docketed on October 29, 2018, Defendant asks that default not be entered against her because notice of the status conference on September 19, 2018, was mailed to the wrong address. (ECF No. 49 at 1 ("Defendant's letter").) Defendant advises that she now lives in another state and has attempted, unsuccessfully, to

secure new counsel in this case. (*Id.*) She represents that coming to Ohio in person "for the many times the plaintiffs want to have a discussion" imposes an "undue hardship financially" on her family. (*Id.* at 1–2.) She asks for additional time to secure counsel in this litigation, for the Court "to help cure the demands" of this litigation while she finds counsel, and that the Court set a trial date. (*Id.*)

In response, Plaintiffs contend that Defendant's letter is simply another example of her failure to take her obligations in this case seriously. (ECF No. 50 at 1.) Plaintiffs ask the Court to enter default against Defendant, complaining that her conduct establishes disrespect to this Court, including that certain of Defendant's representations related to her unavailability to participate in person in the first and second mediations were untrue because, *inter alia*, Defendant wanted to attend a dog show in Florida; that Defendant failed to respond to her prior counsel's motion to withdraw (ECF No. 41); that Defendant failed to file her answer to the Complaint by September 20, 2018; that Defendant, without justification, failed to appear for the status conference on September 19, 2018; that Defendant's letter does not explain her failure to appear for the conference on September 19, 2018, or her failure to timely file her answer by September 20, 2018, even though she was aware of these deadlines. (ECF No. 50 at 1–3.) Plaintiffs go on to contend that Defendant's proffered excuses, including, *inter alia*, her belated attempt to secure new counsel and her disingenuous and unsubstantiated assertion that litigating this action in Ohio imposes an undue burden on her, warrant the entry of default against Defendant. (*Id.* at 3–6.)

## II.

Federal Rule of Civil Procedure 55 sets forth the two-step sequential procedure for obtaining default judgment. A party must first apply for and obtain an entry of default from the

4

Clerk. Fed. R. Civ. P. 55(a). The Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *Id.* "It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b)." *Baechel v. Republic Storage Sys.*, LLC, No. 5:16-cv-1403, 2016 WL 7115947, at *1–2 (N.D. Ohio Dec. 7, 2016). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Notably, "[t]rials on the merits are favored in federal courts[.]" *Id.* at 846; *cf. United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.") (citations omitted).

Finally, the Court notes that Defendant is proceeding without the assistance of counsel. Courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001).

**III.**

Having considered the procedural history in this case, the arguments of the parties, and the applicable law, the Undersigned concludes that entry of default against Defendant pursuant to Rule 55(a) is not appropriate at this juncture. As detailed above, both the Order setting a status conference on September 19, 2018 (ECF No. 44) and the first Show Cause Order (ECF No. 45) were inadvertently sent to Defendant at the wrong address. Defendant therefore had no notice of the status conference. Accordingly, her failure to appear at the conference on September 19,

2018, and failure to respond to the first Show Cause Order are excused based on this record. Notably, Defendant timely responded to the second Show Cause Order (ECF No. 47) once it was sent to the correct address. (ECF No. 49.)

While Defendant failed to respond to the Complaint by September 20, 2018 (ECF No. 42), the Undersigned construes Defendant's response to the second Show Cause Order (ECF No. 49), *see Bouyer*, 22 F. App'x at 612, as a request for an extension of case deadlines, including the deadline to file a response to the Complaint. Considering Defendant's *pro se* status, that default is a drastic remedy, and the preference for resolving cases on the merits, *see*, *e.g.*, *United Coin Meter Co., Inc.*, 705 F.2d at 845–46, Defendant's belated request for an extension should be granted and her failure to answer should not serve as a basis for entering default at this time based on the present record. *Cf. Seye v. Cmty. Yellow Cab NK Mgmt. L.L.C.*, No. 10-cv-234, 2011 WL 3739142, at *3 (E.D. Ky. Aug. 2, 2011) (considering, *inter alia*, the defendants would not be unduly prejudiced, the strong preference for deciding cases on the merits, and the plaintiff's "*pro se* status and general unfamiliarity with the legal process[,]" and recommending that *pro se* plaintiff's motion to set aside entry of default even "though plaintiff's failure to respond timely to the counterclaims is troubling") (citations omitted), *adopted by* 2011 WL 3739039 (E.D. Ky. Aug. 23, 2011).

Finally, Plaintiffs ask the Court to consider Defendant's failure to respond to her counsel's motion to withdraw and Defendant's failure to appear in person for the first mediation as examples of Defendant's lack of respect for this Court and as bases for entering default. (ECF No. 50 at 1–2.) The Undersigned disagrees. As a preliminary matter, Defendant's decision not to respond to her former counsel's motion to withdraw (ECF No. 41) does not demonstrate disrespect for this Court or litigation. Instead, the lack of response simply reflects Defendant's

agreement with her former counsel that good cause exists for their withdrawal as her counsel from this action. *See also* ECF No. 49 at 1 (reflecting Defendant's dissatisfaction with her former counsel). In addition, Plaintiffs' contentions regarding Defendant's failure to appear in person for the first mediation because she wanted to attend a dog show in Florida (*see* ECF No. 50 at 1–2) are unsworn assertions. *See* Fed. R. Civ. P. 55(a) (requiring, *inter alia*, that failure of a party against whom judgment for affirmative relief has failed to plead or defend must be "shown by affidavit or otherwise"); *Nationwide Prop. & Cas. Ins. Co. v. Janis*, No. 1:08-cv-00153, 2008 WL 2762375, at *2 (M.D. Pa. July 11, 2008) ("To show that a party 'has failed to plead or otherwise defend . . . by affidavit or otherwise' means, quite simply, to attest by a sworn statement or unsworn declaration under penalty of perjury, 28 U.S.C. § 1746 . . . ."). Even if the Court considered these assertions, however, it would be unjust to accept them without first giving Defendant an opportunity to respond. In any event, these assertions, standing alone, do not warrant the entry of default, considering the record as a whole, given that default is a harsh remedy, and this Court's preference to resolve cases on their merits. *See United Coin Meter Co., Inc.*, 705 F.2d at 845–46.

## IV.

For all these reasons, it is **RECOMMENDED** that Plaintiffs' request for the Clerk to enter default be **DENIED** at this juncture. It is **FURTHER RECOMMENDED** as follows:

1. Defendant's obligation to respond to the Complaint be suspended, pending issuance of a new case schedule, as described below;

2. The Undersigned conduct a status conference, by telephone, within forty-five (45) days from the date of an Order adopting this Report and Recommendation and that the Undersigned thereafter issue a new case schedule, including a new deadline for responding to the

Complaint (with a reminder warning Defendant that she must comply with new deadlines or timely file a motion for extension supported by good cause);

3. The dates for the final pretrial conference and trial (ECF No. 40) be vacated and rescheduled following the issuance of a new case schedule by the Undersigned.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation via regular and certified mail to Defendant Paula Zaro at 48 Wapping Road, Kingston, Massachusetts 02364, and to indicate on the docket the fact of mailing.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date:  November 19, 2018                          /s/ *Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE