# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAVE MUSTO,** *et al.***,**

    **Plaintiffs,**

                              **Case No. 2:17-cv-506**
                              **Judge James L. Graham**
      **v.**                      **Chief Magistrate Judge Elizabeth P. Deavers**

**PAULA ZARO,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Upon referral by the assigned District Judge pursuant to 28 U.S.C. § 636(b) (ECF No. 71), this matter is before the Undersigned Magistrate Judge for consideration of Plaintiffs' Motion for Default Judgment Against Defendant Paula Zaro. (ECF No. 70.) For the reasons that follow, it is **RECOMMENDED** that the Motion for Default Judgment be **GRANTED**.

This Court has previously detailed the lengthy procedural history in this case. (ECF No. 52.) Briefly, this action was removed to this Court from the Delaware Court of Common Pleas on June 12, 2017. (ECF Nos. 1, 2.) Thereafter, the Court issued a Preliminary Pretrial Order, establishing a case schedule. (ECF No. 16.) After a mediation in December 2018 was unsuccessful (ECF Nos. 17), the Court granted in part and denied in part Defendant's Motion to Dismiss. (ECF No. 24.) Upon the representations from the parties (ECF No. 31), the Court referred this matter to a second mediation. (ECF No. 35.) In light of the referral to mediation, the Court suspended the deadlines for Defendant to respond to the Complaint and for filing dispositive motions. (ECF No. 36.) On July 27, 2018, the parties reported that the mediation scheduled for June 26, 2018 ("the second mediation"), did not proceed because Defendant,

through counsel, advised Plaintiffs on June 25, 2018, that she was unable to attend the mediation in person because her childcare arrangements had fallen through. (ECF Nos. 37, 38.) While Defendant remained willing to mediate, Plaintiffs were no longer interested in mediation. (*Id.*)

Later, after providing Defendant an opportunity to respond, the Court granted defense counsel's motion to withdraw. (ECF Nos. 41, 42, 43.) After Defendant failed to file an answer and appear for a status conference, the Court issued a Show Cause Order. (ECF No. 47.) While Defendant responded to the Show Cause Order and asked that default not be entered because she had not received filings from the Court that were inadvertently sent to the wrong address (ECF No. 49), Plaintiffs asked that the Court enter default against Defendant. (ECF No. 50.) In light of the mail delivery error, Defendant's *pro se* status, and considering the drastic step of entry of default, the Undersigned recommended on November 19, 2018, that the Court not enter default at that juncture and that the case schedule be modified. (ECF No. 52.) On December 11, 2018, the Court adopted the recommendation. (ECF No. 56.)

On January 10, 2019, the Court conducted a status conference, by telephone. (ECF Nos. 57, 60.) Counsel for Plaintiffs and Defendant Paula Zaro appeared and participated in the conference. (ECF No. 60 at 1.) At the conference, the Court specifically advised Defendant that she must become familiar with the Federal Rules of Civil Procedure and this Court's Local Rules. (*Id.* (directing further that the Clerk send a copy of *A Guide for Pro Se Civil Litigants* to Defendant).) The Court also advised Defendant at that conference on January 10, 2019, that she must file her answer to the Complaint by January 24, 2019. (*See also id.* (memorializing that Defendant's answer must be filed on this date).) [1]

---

[1] The Court's docket reflects that this Order was mailed to Defendant at her residence.

While Defendant submitted several filings on January 28, 2019, *see* ECF Nos. 61, 62, 63, 64), she did not file an answer or other responsive pleading to the Complaint.  On January 28, 2019, the Court granted Defendant's request to participate in e-filing in this Court conditional on her compliance with all applicable e-filing requirements.  (ECF No. 65 (directing, *inter alia*, that the Clerk use the email address provided by Defendant her filings, namely, paula.m.zaro@gmail.com.)  In the same Order, the Court specifically cautioned Defendant that "failure to update email address and monitor her email account (including her 'junk mail' or spam folder) for court filings may result in the entry of default, and ultimately, default judgment, against her."  (*Id*. at 2 (collecting cases).)

When Defendant failed to timely file an answer or responsive pleading to the Complaint, Plaintiffs applied for entry of default (ECF No. 68) and the Clerk entered default on January 30, 2019.  (ECF No. 69.)  On the same day, Plaintiffs filed their Motion for Default Judgment.  (ECF No. 70.)  Thereafter, the assigned District Judge referred the Motion for Default Judgment to the Undersigned for issuance of a report and recommendation.  To date, Defendant has not responded to the Motion for Default Judgment.

The Undersigned concludes that the Motion for Default Judgment should be granted.  As detailed above, Defendant was specifically advised at the conference on January 10, 2019, which was memorialized in an Order (ECF No. 60), that her answer to the Complaint was due on January 24, 2019.  She was also specifically advised at the conference that she must become familiar with the Federal Rules of Civil Procedure and this Court's Local Rules and the Clerk sent to Defendant a copy of *A Guide for Pro Se Civil Litigants*.  (*Id*. at 1.)  The Court's docket reflects that Plaintiff expressed understanding that she would receive Court filings electronically if her request to participate in e-filing was granted (ECF Nos. 61, 62), that she was granted leave

to participate in e-filing and specifically warned of the consequence of failing to monitor her email for Court filings (ECF No. 65), and that copies of the relevant filings (ECF Nos. 65, 66, 68, 69, 70) have been served on her electronically at the address she provided to the Court. Defendant nevertheless failed to file an answer or responsive pleading to the Complaint. The Clerk has entered default (ECF No. 69) and, although the time for responding to the Motion for Default Judgment has passed, Defendant has not responded to the Motion. Based on this record, the Undersigned concludes that the Motion for Default Judgment is meritorious.

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment Against Defendant Paula Zaro (ECF No. 70) be **GRANTED** and that judgment be entered against Defendant in an amount to be set at a hearing following entry of default judgment.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: February 26, 2019

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE